UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CARMEN M. ORTIZ

     Plaintiff,                           CASE NO.: _____

vs.

BRIGHTVIEW LANDSCAPE SERVICES, INC.,
MANUEL ZEPEDA,

     Defendant(s).

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CARMEN M. ORTIZ ("ORTIZ"), by and through the undersigned counsel, sues Defendants, BRIGHTVIEW LANDSCAPE SERVICES, INC ("BRIGHTVIEW") and MANUEL ZEPEDA ("ZEPEDA") (BRIGHTVIEW and ZEPEDA are hereinafter collectively referred to as "Defendants") and states:

## JURISDICTION, VENUE AND PARTIES

1.     This is an action for damages brought against Defendants pursuant to Title VII of the 1964 Civil Rights Act and the Florida Civil Rights Act Section 760.01 et al, and an action against Defendants for various Florida State Law claims. This Court has original, concurrent and subject matter jurisdiction pursuant to article III, section 1 of the U.S. Constitution, 28 U.S.C. sections 1331, 1332 and 1343 and Florida Constitution.

2.     ORTIZ is a female; and she is a resident of Orange County, Florida.

3.     BRIGHTVIEW is a Florida corporation who is doing business in Orange County, Florida. BRIGHTVIEW is authorized to do business in the State of Florida and is doing business

in the State of Florida. The employment practices complained herein all occurred in Orange County, Florida.

4.     ZEPEDA is an employee of BRIGHTVIEW, and he was the Manager, co-worker and supervisor at the BRIGHTVIEW where ORTIZ was assigned to work. At all times alleged herein, ZEPEDA was acting within the course and scope of his employment with BRIGHTVIEW.

## FACTUAL ALLEGATIONS

5.     BRIGHTVIEW is a commercial landscaping company.

6.     On or about April 17, 2017, ORTIZ was hired at BRIGHTVIEW. She worked for BRIGHTVIEW as a concrete laborer to perform pre and post cleaning tasks, for the application of the concrete area.

7.     ZEPEDA is an employee of BRIGHTVIEW. He had supervisory responsibilities and duties relative to ORTIZ at the location or place of ORTIZ's employment.

8.     ORTIZ was an impeccable employee who performed her job excellently.

9.     About a month after ORTIZ started working under the supervision of ZEPEDA, ZEPEDA made his interest in ORTIZ known to ORTIZ.

10.     Although ORTIZ was married, on March 16, 2018, ZEPEDA made unwelcome and inappropriate sexual remarks or physical advances in the workplace (*i.e.*, ZEPEDA asked ORTIZ to perform oral sex on him and if he could touch her vagina). ORTIZ immediately voiced her strong opposition and told ZEPEDA to stop and to respect her because she was a married woman, and that she would report ZEPEDA to his supervisor if he continued to make such unwelcome and inappropriate sexual advances.

11.     ZEPEDA continued to make unwelcome and inappropriate sexual remarks directed to ORTIZ every day thereafter, thereby forcing ORTIZ to report the incident to ZEPEDA's immediate supervisor, Mr. Javier Ruiz ("Mr. Ruiz"). However, her complaint was ignored by BRIGHTVIEW.

12.     On March 19, 2018, during the scope of employment, ZEPEDA advanced on ORTIZ physically by grabbing her forcibly by her triceps as a way to control her movement, to which ORTIZ yelled "take your hands off of me, don't touch me again and please respect me!"

13.     After seeing her upset reaction, ZEPEDA in a mocking tone – and with a smile on his face – asked ORTIZ, "have you thought about my proposal?", "Either you come with me to another place when we finish work today to have sex, or you will see how they are going to fire you from this company". ORTIZ replied, "I am not afraid of you. You are an abuser. I will report you to Human Resources. You need to respect me. I need my job, and I am a married woman".

14.     Immediately after the incident, ORTIZ used BRIGHTVIEW's complaint mechanism or grievance system and reported the incident to ZEPEDA's then supervisor; but her complaint was ignored by BRIGHTVIEW.

15.     From March 19, 2018 through March 27, 2018, ZEPEDA continued to make sexual advances and requests directed at ORTIZ, by telling her, "you're fine", "I want to fuck you"; and on an occasion, ZEPEDA reached to grab her as she was trying to get away from him for her safety.

16.     Because ORTIZ got away for her safety, ZEPEDA got angry and engaged in a course of retaliatory conduct against ORTIZ, including giving her unfavorable work assignments and duties (*e.g.*, forced ORTIZ to move heavy lumber from one site to the next without the

proper machinery – concrete buggy –, which was not her job description), intensified the sexual advances and significantly humiliated her.

17.     On April 3, 2018, when ORTIZ arrived at the workplace, ZEPEDA offered to pay ORTIZ for sex, to which she replied, "you don't understand! I don't want you to bother me. You're an abuser! I'm married!", to which ZEPEDA responded by calling her a "bitch" and exclaimed, "now you will see everything you will do here today!" He then retaliates against her by giving her harsh work.

18.     From April 1, 2018 through April 15, 2018, ZEPEDA continued with the unwelcome sexual advances and request for sexual favors – daily. During this period of time, he continued to make sexual remarks (*e.g.*, "I want to have you", "come with me and I'll pay you") and continued the sexual advances (*e.g.*, grabbing her by her triceps as a way to control her movement).

19.     During said time period, ORTIZ continued to inform ZEPEDA that his conduct was inappropriate and unwelcome and that he needed to stop. ORTIZ kept repeating the same thing; to wit, "leave me alone", "I'm married, please understand", "I need my job!". Instead of stopping, ZEPEDA countered with "If you don't do what I tell you to do [sexual advances], I will get you fired."

20.     ORTIZ took 15 days off, in part, because of the stressful, offensive and hostile work environment created by the conduct of ZEPEDA.

21.     Upon her return dated May 9, 2018, she heard ZEPEDA saying, "you are here again bitch, you will see! Now I'm going to have sex with you, you'll do everything I ask, you're going to suck my cock as many times as I want, or else you're going to lose your job". He

grabbed ORTIZ by her triceps again – as a way to control her – and exclaimed, "your breasts look very nice, I want to touch them."

22.     ZEPEDA's conduct explicitly and implicitly affected ORTIZ's employment, unreasonably interfered with ORTIZ's work performance, and created an intimidating, hostile or offensive work environment. The conduct of ZEPEDA was objectively and subjectively offensive to ORTIZ. In fact, ORTIZ would constantly try to get away from ZEPEDA to avoid been violated by him, she felt unsafe, terrified and intimidated whenever he was within proximity.

23.     ORTIZ had to continue to endure increased prolonged sexual harassment, humiliation and intimidation from ZEPEDA for the month of May and early June.

24.     On June 5, 2018, ZEPEDA approached ORTIZ during her scheduled shift and began to sing a sexually explicit song in the presence of Mr. Ruiz. He began to sing in Spanish, "Carmennnn, I'm going to put my whole cock completelyyyyyyyy inside of you!" ORTIZ responded with, "you are an abuser. I'm tired of your offensive conduct towards me", to which ZEPEDA replied, "now I am happy because I am going to fuck you over, but first, I'm going to put my cock inside of you."

25.     From June 5, 2018 through June 21, 2018, ZEPEDA continued to sing sexually explicit songs directed at ORTIZ. In some instances, he even mentioned her name.

26.     ZEPEDA kept retaliating against ORTIZ by forcing her to perform unfavorable work assignments and duties, or assignments she was not qualified, certified or employed to do (*e.g.*, using a Plate Compactor and Vibratory Asphalt/Soil Rammer, which is a heavy machine that requires a specific certification for use; transporting ZEPEDA's personal heavy tools from

one job site to the next and etc.). ZEPEDA was retaliating against ORTIZ because she refused to succumb to his requests for sexual favors.

27.     On or about June 18, 2018, ORTIZ recorded – through her smart phone – a video of ZEPEDA singing sexually explicit songs in Spanish in ORTIZ's presence. Because ORTIZ refused to entertain his banter, ZEPEDA punished ORTIZ by forcing her to go to another area to lift heavy lumber – which was not her job description. Then ZEPEDA would stand right behind her to stare at her butt every time ORTIZ bent down to pick up a lumber. And every time she bent to pick up a lumber, he would repeat, "Ohh, yeah Baby!!!" in a sexual manner.

28.     Because ORTIZ was unsatisfied at how BRIGHTVIEW had handled her complaints, on June 21, 2018, ORTIZ followed the instructions contained in BRIGHTVIEW's Employee Handbook and personally reported the incidents to BRIGHTVIEW's Human Resources manager and Personnel Selection manager. ORTIZ took with her all the evidence she had gathered, including the video discussed above. Yet, BRIGHTVIEW ignored her complaints.

29.     Instead of protecting ORTIZ from her offender, BRIGHTVIEW punished ORTIZ by allowing her to continue to work within proximity with her offender.

30.     ORTIZ had to continue to endure increased prolonged sexual harassment, humiliation and intimidation from ZEPEDA for the months of June and September of 2018.

31.     ORTIZ voiced her strong opposition and told ZEPEDA "to stop" and "no" on numerous occasions, but her complaints were all ignored.

32.     ORTIZ rejected all of ZEPEDA's advances and sexual remarks and constantly complained to BRIGHTVIEW. Yet, no actions or remedial measures were taken to cease ZEPEDA's outrageous and continuous conduct and harassment by BRIGHTVIEW.

33.     BRIGHTVIEW's failure to intervene and stop this repulsive conduct by

ZEPEDA, culminated into ZEPEDA physically assaulting and harassing ORTIZ during work

hours for months.

34.     All conditions precedent to the institution of this action have occurred or have

been waived, including, but not limited to, the Notice of Right to Sue from the Equal

Employment Opportunity Commission. *See* ***Exhibit "A"***.

**<u>COUNT I</u>**
**Title VII Violation and Claim Against BRIGHTVIEW: Sexual Harassment**

35.     This is an action for Sexual Harassment Environment against BRIGHTVIEW

under Title VII.

36.     ORTIZ incorporates and realleges the allegations in paragraphs 1-34 above, as if

fully set forth herein.

37.     ORTIZ has exhausted his administrative remedies as described in paragraph 34

above and therefore all conditions precedent to filing suit under Title VII, have been met.

38.     ORTIZ is a member of a protected class in that she was being sexually harassed

because of Sex.

39.     BRIGHTVIEW upon information and belief following a reasonable investigation,

were at all times an employer within the meaning of Title VII and has/had more than fifteen (15)

employees.

40.     ORTIZ was subjected to continuous and pervasive sexual harassment and

discrimination because of her sex in the form of a hostile work environment in that she was

required to undergo repeated inappropriate offensive conduct, touching and comments from her

Manager, co-worker and supervisor, ZEPEDA, as described in detail above.

41.     As a direct and proximate result of the aforementioned violations, ORTIZ has suffered a loss of income, loss of benefits, loss of reputation, embarrassment and humiliation, inconvenience, loss of enjoyment of life, emotional pain and suffering, and severe emotional distress and anguish.

**WHEREFORE**, ORTIZ respectfully requests a judgment against BRIGHTVIEW for compensatory damages, loss benefits, loss income including back pay and front pay, prejudgment interest, attorney's fees and costs pursuant to Title VII et. seq., will be seeking punitive damages, a trial by jury on all issues so triable and any other relief this court deems just and proper.

## <u>COUNT II</u>
### Title VII Violation and Claim Against BRIGHTVIEW: Hostile Work Environment

42.     This is an action for Hostile Work Environment against BRIGHTVIEW under Title VII.

43.     ORTIZ incorporates and realleges the allegations in paragraphs 1-34 and 37-40 above, as if fully set forth herein.

44.     BRIGHTVIEW, through its agents and/or representatives, instituted a campaign of continuous hostile and adverse conduct against ORTIZ, thereby making the work environment unbearable, as set forth above.

45.     ORTIZ was subjected to the Hostile work environment because she was a female and treated differently than male employees.

46.     ORTIZ was subjected to continuous humiliation because of BRIGHTVIEW's failure to heed to ORTIZ's complaints of unwelcome sexual advances, requests for sexual favors,

physical contact directed to her person by ZEPEDA during her scope of employment. Said conduct explicitly or implicitly affected ORTIZ's employment, unreasonably interfered with her work performance and created an intimidating, hostile, or offensive work environment.

47.     There was a direct causal connection between ORTIZ's protected activities and BRIGHTVIEW's subsequent adverse actions against her.

48.     As a direct and proximate result of the aforementioned violations, ORTIZ has suffered a loss of income, loss of benefits, loss of reputation, embarrassment and humiliation, inconvenience, loss of enjoyment of life, emotional pain and suffering, and severe emotional distress and anguish.

**WHEREFORE**, ORTIZ respectfully requests a judgment against BRIGHTVIEW for compensatory damages, loss benefits, loss income including back pay and front pay, prejudgment interest, attorney's fees and costs pursuant to Title VII et. seq., will be seeking punitive damages, a trial by jury on all issues so triable and any other relief this court deems just and proper.

## <u>COUNT III</u>
### Title VII Violation and Claim Against BRIGHTVIEW: Retaliation

49.     This is an action for Retaliation against BRIGHTVIEW under Title VII.

50.     ORTIZ incorporates and realleges the allegations in paragraphs 1-34 and 37-40 above, as if fully set forth herein.

51.     BRIGHTVIEW, through its agents and/or representatives, instituted a campaign of retaliation against ORTIZ, which ultimately resulted in her employment being wrongfully terminated.

52.     ORTIZ was subjected to continued and pervasive sexual harassment and

discrimination because of her sex in the form of a hostile work environment in that she was required to undergo repeated inappropriate offensive conduct, touching and comments from her Manager, co-worker and supervisor, ZEPEDA.

53.     ORTIZ was retaliated against based upon her engaging in protected activities including complaining of sexual harassment and refusing to succumb to ZEPEDA's sexual desires. As described above, following ORTIZ's complaints and informing ZEPEDA she would not succumb to his sexual advances, retaliatory treatment followed in that ORTIZ's work conditions were unilaterally changed to her detriment, ORTIZ was subjected to increased harassment, including being physically assaulted by ZEPEDA, which resulted in her employment been wrongfully terminated.

54.     BRIGHTVIEW intentionally, willfully, and wantonly retaliated against ORTIZ in response to her complaints of sexual harassment. ORTIZ was punished for speaking up against her offender while working at BRIGHTVIEW. ORTIZ was retaliated against for engaging in protected activities including reporting the incident to the offender, her immediate supervisors and BRIGHTVIEW's Human Resources.

55.     ORTIZ was subjected to retaliation for exercising her civil rights and demanding to be treated equal as her male counterparts, which is a protected activity under the law.

56.     ORTIZ suffered damages for which she herein sues.

57.     ORTIZ was discriminated against and treated differently because she is a female employee.

58.     Had ORTIZ been a male employee, she would not have been threatened to lose her job for failing to succumb to ZEPEDA's sexual advances.

59.     There was a direct causal connection between ORTIZ's protected activities and BRIGHTVIEW's subsequent adverse actions against her.

60.     As a direct and proximate result of the aforementioned violations, ORTIZ has suffered a loss of income, loss of benefits, loss of reputation, embarrassment and humiliation, inconvenience, loss of enjoyment of life, emotional pain and suffering, and severe emotional distress and anguish.

**WHEREFORE**, ORTIZ respectfully requests a judgment against BRIGHTVIEW for compensatory damages, loss benefits, loss income including back pay and front pay, prejudgment interest, attorney's fees and costs pursuant to Title VII et. seq., will be seeking punitive damages, a trial by jury on all issues so triable and any other relief this court deems just and proper.

### COUNT IV
### 760.01 Violation and Claim Against BRIGHTVIEW: Sexual Harassment

61.     This is an action for Sexual Harassment against BRIGHTVIEW pursuant to *Fla. St*at. § 760.01.

62.     ORTIZ incorporates and realleges the allegations in paragraphs 1-34 and 37-40 above, as if fully set forth herein.

63.     ORTIZ was subjected to continuous and pervasive sexual harassment and discrimination because of his sex in the form of a hostile work environment in that he was required to undergo repeated inappropriate offensive conduct, touching and comments from his Manager, co-worker and supervisor, ZEPEDA, as described above.

64.     As a direct and proximate result of the aforementioned violations, ORTIZ has suffered a loss of income, loss of benefits, loss of reputation, embarrassment and humiliation,

inconvenience, loss of enjoyment of life, emotional pain and suffering, and severe emotional

distress and anguish.

**WHEREFORE**, ORTIZ respectfully requests a judgment against BRIGHTVIEW for

compensatory damages, loss benefits, loss income including back pay and front pay, prejudgment

interest, attorney's fees and costs pursuant to Title VII et. seq., will be seeking punitive damages,

a trial by jury on all issues so triable and any other relief this court deems just and proper.

<u>COUNT V</u>
**760.01 Violation and Claim Against BRIGHTVIEW: Hostile Work Environment**

65.    This is an action for Hostile Work Environment against BRIGHTVIEW pursuant

to *Fla. St*at. § 760.01.

66.    ORTIZ incorporates and realleges the allegations in paragraphs 1-34 and 37-40

above, as if fully set forth herein.

67.    BRIGHTVIEW, through its agents and/or representatives, instituted a campaign

of continuous hostile and adverse conduct against ORTIZ, thereby making the work environment

unbearable, as set forth above.

68.    ORTIZ was subjected to the Hostile work environment because she was a female

and treated differently than male employees.

69.    ORTIZ was subjected to continuous humiliation because of BRIGHTVIEW's

failure to heed to ORTIZ's complaints of unwelcome sexual advances, requests for sexual favors,

physical contact directed to her person by ZEPEDA during her scope of employment. Said

conduct explicitly or implicitly affected ORTIZ's employment, unreasonably interfered with her

work performance and created an intimidating, hostile, or offensive work environment.

70.     There was a direct causal connection between ORTIZ's protected activities and BRIGHTVIEW's subsequent adverse actions against her.

71.     As a direct and proximate result of the aforementioned violations, ORTIZ has suffered a loss of income, loss of benefits, loss of reputation, embarrassment and humiliation, inconvenience, loss of enjoyment of life, emotional pain and suffering, and severe emotional distress and anguish.

**WHEREFORE**, ORTIZ respectfully requests a judgment against BRIGHTVIEW for compensatory damages, loss benefits, loss income including back pay and front pay, prejudgment interest, attorney's fees and costs pursuant to Title VII et. seq., will be seeking punitive damages, a trial by jury on all issues so triable and any other relief this court deems just and proper.

## <u>COUNT VI</u>
### 760.01 Violation and Claim Against BRIGHTVIEW: Retaliation

72.     This is an action for Retaliation against BRIGHTVIEW pursuant to *Fla. St*at. § 760.01.

73.     ORTIZ incorporates and realleges the allegations in paragraphs 1-34 and 37-40 above, as if fully set forth herein.

74.     BRIGHTVIEW, through its agents and/or representatives, instituted a campaign of retaliation against ORTIZ, which ultimately resulted in her employment being wrongfully terminated.

75.     ORTIZ was subjected to continued and pervasive sexual harassment and discrimination because of her sex in the form of a hostile work environment in that she was required to undergo repeated inappropriate offensive conduct, touching and comments from her

Manager, co-worker and supervisor, ZEPEDA.

76.     ORTIZ was retaliated against based upon her engaging in protected activities including complaining of sexual harassment and refusing to succumb to ZEPEDA's sexual desires. As described above, following ORTIZ's complaints and informing ZEPEDA she would not succumb to his sexual advances, retaliatory treatment followed in that ORTIZ's work conditions were unilaterally changed to her detriment, ORTIZ was subjected to increased harassment, including being physically assaulted by ZEPEDA, which resulted in her employment been wrongfully terminated.

77.     BRIGHTVIEW intentionally, willfully, and wantonly retaliated against ORTIZ in response to her complaints of sexual harassment. ORTIZ was punished for speaking up against her offender while working at BRIGHTVIEW. ORTIZ was retaliated against for engaging in protected activities including reporting the incident to the offender, her immediate supervisors and BRIGHTVIEW's Human Resources.

78.     ORTIZ suffered damages for which she herein sues.

79.     ORTIZ was subjected to retaliation for exercising her civil rights and demanding to be treated equal as her male counterparts, which is a protected activity under the law.

80.     ORTIZ was discriminated against and treated differently because she is a female employee.

81.     Had ORTIZ been a male employee, she would not have been threatened to lose her job for failing to succumb to ZEPEDA's sexual advances.

82.     There was a direct causal connection between ORTIZ's protected activities and BRIGHTVIEW's subsequent adverse actions against her.

83.     As a direct and proximate result of the aforementioned violations, ORTIZ has suffered a loss of income, loss of benefits, loss of reputation, embarrassment and humiliation, inconvenience, loss of enjoyment of life, emotional pain and suffering, and severe emotional distress and anguish.

**WHEREFORE**, ORTIZ respectfully requests a judgment against BRIGHTVIEW for compensatory damages, loss benefits, loss income including back pay and front pay, prejudgment interest, attorney's fees and costs pursuant to Title VII et. seq., will be seeking punitive damages, a trial by jury on all issues so triable and any other relief this court deems just and proper.

## COUNT VII
### Battery: ZEPEDA

84.     This is an action for Battery against ZEPEDA.

85.     ORTIZ incorporates and realleges the allegations in paragraphs 1-34 above, as if fully set forth herein.

86.     ZEPEDA intentionally and willfully touched ORTIZ against her express will, consent and authority. ZEPEDA's conduct created a reasonable apprehension in ORTIZ of immediate harmful and offensive contact to ORTIZ's person.

87.     ZEPEDA intended to bring a harmful and offensive contact to ORTIZ's person. ZEPEDA did cause a harmful and offensive contact upon ORTIZ's person with the intent to cause harm to ORTIZ and ZEPEDA in fact caused harm to ORTIZ.

88.     As a direct and proximate result of the aforementioned actions of ZEPEDA, ORTIZ has suffered a loss of income, loss of benefits, loss of reputation, embarrassment and humiliation, inconvenience, loss of enjoyment of life, emotional pain and suffering, and severe

emotional distress and anguish.

**WHEREFORE**, ORTIZ demands judgment against ZEPEDA for compensatory

damages, punitive damages, costs and demands trial by jury on all issues triable.

## COUNT VIII
### Battery Against BRIGHTVIEW

89.     This is an action for Battery against BRIGHTVIEW.

90.     ORTIZ incorporates and realleges the allegations in paragraphs 1-34 above, as if

fully set forth herein.

91.     At all times material to the claims asserted herein, ZEPEDA was a manager or

supervisor with the DEFENDANT BRIGHTVIEW and was acting within the course and scope

of his employment.

92.     ZEPEDA intentionally and willfully touched ORTIZ against her express will,

consent and authority. ZEPEDA's conduct created a reasonable apprehension in ORTIZ of

immediate harmful and offensive contact to ORTIZ's person.

93.     ZEPEDA acted with the intent to cause harm to ORTIZ and ZEPEDA in fact

caused harm to ORTIZ. ZEPEDA intended to bring a harmful and offensive contact to ORTIZ's

person. ZEPEDA did cause a harmful and offensive contact upon ORTIZ's person with the intent

to cause harm to ORTIZ and ZEPEDA in fact caused harm to ORTIZ.

94.     BRIGHTVIEW is vicariously liable for the actions of ZEPEDA by virtue of the

fact that ZEPEDA was in a managerial or supervisory position; ZEPEDA was acting within the

course and scope of his employment with BRIGHTVIEW; and BRIGHTVIEW had knowledge of

the actions described herein, and its sanctioning and involvement in the harassment, retaliatory

actions, and hostile work environment directed against ORTIZ was intentional and inflicted upon ORTIZ severe mental and emotional distress.

95.     Said contact was intentional, against ORTIZ's will, without her consent and unwarranted by social usage and without business justification.

96.     As a direct and proximate result of the aforementioned actions of ZEPEDA and BRIGHTVIEW, ORTIZ has suffered a loss of income, loss of benefits, loss of reputation, embarrassment and humiliation, inconvenience, loss of enjoyment of life, emotional pain and suffering, and severe emotional distress and anguish.

**WHEREFORE**, ORTIZ demands judgment against BRIGHTVIEW for compensatory damages, punitive damages, costs and demands trial by jury on all issues triable.

**COUNT IX**
**Intentional Infliction of Emotional Distress: ZEPEDA**

97.     This is an action for Intentional Infliction of Emotional Distress against ZEPEDA.

98.     ORTIZ incorporates and realleges the allegations in paragraphs 1-34 above, as if fully set forth herein.

99.     The conduct and acts of ZEPEDA were extreme, outrageous, oppressive and done with the intent to cause ORTIZ severe emotional distress. The conduct of ZEPEDA of harassing, violating and molesting ORTIZ while in the course and scope of her employment amounts to an extreme, outrageous and oppressive conduct to a reasonable person and beyond the decency of a civilized society.

100.    ZEPEDA blatantly intended to cause ORTIZ to suffer severe emotional distress, or recklessness as to the effect of ZEPEDA's conduct.

101.    ZEPEDA caused ORTIZ severe emotional distress, mental anguish and anxiety.

**WHEREFORE**, ORTIZ demands judgment against ZEPEDA for compensatory damages, punitive damages, costs and demands trial by jury on all issues triable.

<u>**COUNT X**</u>
**Intentional Infliction of Emotional Distress Against BRIGHTVIEW**

102.    This is an action for Intentional Infliction of Emotional Distress against BRIGHTVIEW.

103.    ORTIZ incorporates and realleges the allegations in paragraphs 1-34 above, as if fully set forth herein.

104.    At all times material to the claims asserted herein, ZEPEDA was a manager or supervisor with BRIGHTVIEW, and was acting within the course and scope of his employment.

105.     ZEPEDA's harassment, discrimination and retaliatory actions directed against ORTIZ were intentional and inflicted upon ORTIZ severe mental and emotional distress.

106.    BRIGHTVIEW is vicariously liable for the actions of ZEPEDA by virtue of the fact that ZEPEDA was in a managerial or supervisory position; ZEPEDA was acting within the course and scope of his employment with BRIGHTVIEW; and BRIGHTVIEW had knowledge of the actions described herein, and its sanctioning and involvement in the harassment, retaliatory actions, and hostile work environment directed against ORTIZ was intentional and inflicted upon ORTIZ severe mental and emotional distress.

107.    The conduct and acts of ZEPEDA were extreme, outrageous, oppressive and done with the intent to cause ORTIZ severe emotional distress. The conduct of ZEPEDA of harassing, violating and molesting ORTIZ while in the course and scope of his employment amounts to an

extreme, outrageous and oppressive conduct to a reasonable person and beyond the decency of a civilized society.

108.    BRIGHTVIEW blatantly intended to cause ORTIZ to suffer severe emotional distress, or recklessness as to the effect of ZEPEDA's conduct.

109.    BRIGHTVIEW caused ORTIZ severe emotional distress, mental anguish and anxiety.

110.    As a direct and proximate result of the Defendants' actions described herein, ORTIZ has suffered from a loss of income and benefits, severe emotional distress and mental anxiety, for all of which she should be compensated.

**WHEREFORE**, ORTIZ demands judgment against BRIGHTVEW for compensatory damages, punitive damages, costs and demands trial by jury on all issues triable.

<u>**COUNT XI**</u>
**Negligent Retention Against BRIGHTVIEW**

111.    This is a cause of action for Negligent Retention against BRIGHTVIEW.

112.    ORTIZ incorporates and realleges the allegations in paragraphs 1-34 above, as if fully set forth herein.

113.    That BRIGHTVIEW owed ORTIZ a duty to protect ORTIZ while ORTIZ was in the course and scope of her employment and not have ORTIZ subjected to unwanted harassment, battery, intentional infliction of emotional distress, humiliation, loss of liberty and molestation.

114.    BRIGHTVIEW breached the duty that it owed to ORTIZ in that notwithstanding that BRIGHTVIEW had prior knowledge of ZEPEDA's propensity to sexually harass and prey on subordinates and employees of BRIGHTVIEW, and despite the fact that ORTIZ complained

about the conduct of ZEPEDA, BRIGHTVIEW retained ZEPEDA as an employee and in a

managerial position which permitted ZEPEDA to continue to harass and abuse ORTIZ.

115.    That as result of the prior conduct of ZEPEDA to which BRIGHTVIEW was

aware, and the prior complaints about ZEPEDA to BRIGHTVIEW's ownership, it was

reasonably foreseeable that ORTIZ would be subjected to the conduct by ZEPEDA and sustain

injury.

116.    The conduct, acts and omissions of BRIGHTVIEW, through its agents,

representatives and employees were extreme, outrageous or with total disregard or deliberate

indifference to ORTIZ's person, and therefore, BRIGHTVIEW was aware, knew or should have

known that its acts, omissions and conduct would cause ORTIZ injuries and in fact caused

ORTIZ injuries.

**WHEREFORE**, ORTIZ demands judgment against DEFENDANT for compensatory

damages, costs and demands trial by jury on all issues triable.

DATED This 15 day of November, 2019.

/s/ Jesus Irizarry
JESUS IRIZARRY, ESQUIRE
IRIZARRY MENDEZ PL
Florida Bar No.: 103542
P.O. Box 771713
Orlando, FL 32877
Tel. (321) 300-4529
Fax (888) 901-4529
E-Mail: jim@IrizarryMendez.com
Counsel for ORTIZ

and

FRANK T. ALLEN, ESQUIRE
Florida Bar No.: 0035464

THE ALLEN FIRM, P.A.
A Professional Association
605 E. Robinson Street, Suite 130
Orlando, FL 32801
Tel. (407) 481-8103
Fax (407) 481-0009
E-Mail: ALLENF551@aol.com
Co-Counsel for ORTIZ